UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:06CV-P128-R

WALTON R. RAGER                                                                                              PLAINTIFF

v.

JACKIE STRODE                                                                                                 DEFENDANT

## MEMORANDUM OPINION

The plaintiff filed this civil rights action under 42 U.S.C. § 1983 against Jailer Jackie Strode in both his official and individual capacities alleging that the defendant is violating the plaintiff's constitutional right to access the courts. Upon initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997), the Court determined that the plaintiff's claims should proceed past initial screening for further development. This matter is now before the Court on the plaintiff's motion to amend (DN 11), the defendant's motion for summary judgment (DN 12), and the plaintiff's motion for injunctive relief (DN 15). For the reasons set forth below, the Court will deny the plaintiff's motion to amend, grant the defendant's motion for summary judgment, and deny the plaintiff's motion for injunctive relief as moot.

### I.  Motion to Amend

The plaintiff seeks leave to amend his complaint to add the Warren County Regional Jail as a defendant in this action. Leave to amend should be denied where the amendment would be futile, such as where the material or claims to be added remain subject to dismissal for failure to state a claim. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). The Warren County Regional Jail is not a "person" subject to suit under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under

§ 1983). Additionally, in his original complaint the plaintiff sued Jailer Jackie Strode in both his official and individual capacities. When an action is brought against an official of a governmental entity in his "official capacity," the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989). Therefore, in the case at bar, the plaintiff's official capacity claims against the defendant are actually brought against Warren County. The proposed is improper and unnecessary. As such, the plaintiff's motion to amend will be denied.

## II. Motion for Summary Judgment

**A.      Standard of Review**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* at 325.

Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his or her case with respect to which he or she bears the burden of proof. *Id.* at 322. The nonmoving party must "go beyond the pleadings and by [his]

own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. "Although the nonmoving party 'may not rest upon the mere allegations or denials' of his pleading, Fed. R. Civ. P. 56(e), a verified complaint or additional affidavit . . . satisfies the burden of the nonmovant to respond." *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**B.     Facts**

The plaintiff was indicted for identity theft by the Warren County Grand Jury, on March 6, 2005, and charged as a persistent felony offender. Represented by counsel, the plaintiff pled guilty to both charges on May 15, 2006. On June 20, 2006, the Warren Circuit Court accepted the plea agreement and sentenced the plaintiff to three years of incarceration. Since that date, the plaintiff has been serving his sentence at the Warren County Regional Jail.

On or about August 11, 2006, the plaintiff filed this civil action against Warren County Jailer Jackie Strode in both his official and individual capacities. In his complaint, the plaintiff alleges that he is attempting to seek post-conviction relief from the Kentucky state courts based on ineffective assistance of trial counsel. In response to the defendant's motion for summary judgment, the plaintiff elaborated that specifically he wants to file an RCr 11.42 motion in state court based on the fact that he would not have pled guilty if he had been represented by competent counsel. The plaintiff claims that the defendant has hampered these efforts by maintaining an inadequate prison library and by denying him library time in violation of his

constitutional right to meaningfully access the courts.

**C.     Analysis**

The courts have recognized repeatedly that there is no constitutionally protected right of access to a law library. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). Prisoners do have a right of access to the courts, but it does not guarantee access to a prison law library. *Id.*; *Bounds v. Smith*, 430 U.S. 817, 830-31 (1977); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). When an inmate claims his access to the courts was denied because he was denied access to the prison library, or certain books, he fails to state a claim absent any showing of prejudice to his litigation. *Walker*, 771 F.2d at 932. "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis*, 518 U.S. at 351. "'Meaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal citations omitted). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

In his complaint, the plaintiff alleges that the lack of access to an adequate legal library[1]

---

[1] The Court has not made any findings regarding the adequacy of the materials at the Warren County Regional Jail. The Court notes, however, that at the time the plaintiff commenced this suit the jail libraries contained the following legal materials: Caldwell's Kentucky Form Book, a full set of the Kentucky Revised Statutes, a full set of the Kentucky Digest, Kentucky Criminal Law and Motor Vehicle Handbook, Prisoner's Self-Help Litigation

4

has hindered his ability to seek post-conviction relief in Kentucky state court. However, the plaintiff has failed to demonstrate this fact in response to the defendant's motion for summary judgment. Indeed, the plaintiff's response belies his assertions. In his response, the plaintiff identifies the type of motion he wishes to file as an RCr 11.42 motion, states that he wishes to file the motion based on ineffective assistance of counsel, cites case law to support his claim that ineffective assistance of counsel would invalidate his guilty plea, and provides the Court with a rather extensive recitation of the standard of review for ineffective assistance of counsel claims. Thus, it appears that despite the alleged inadequacies in the prison law library at Warren County Regional Jail, the plaintiff has been able to identify the type of post-conviction relief that he needs to pursue as well as the standards for doing so. The Constitution "does not guarantee inmates the wherewithal to transform themselves into litigating engines . . . the tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355. From the plaintiff's response, it appears that he has been provided with materials sufficient for him to identify the nature of available post-conviction relief and the standards applicable for seeking such relief. Furthermore, the plaintiff has not come forward and shown that he has been prevented from presenting his claims to state court because of the alleged inadequacies in the prison law library. Thus, the plaintiff has failed to allege actual prejudice, and therefore, cannot establish a cognizable claim that the defendant has violated his constitutional right to access the

---

Manual, U.S.C. Title 28 Rules, U.S.C. Title 42 §§ 1983 – 1984, Federal Sentencing Guidelines and Black's Law Dictionary. After the plaintiff filed, suit the defendant purchased updated copies of the following legal materials: Federal Rules of Criminal Procedure, Federal Rules of Evidence, Federal Rules of Appellate Procedure, Title 18, United States Code, Federal Rules of Civil Procedure, Kentucky Penal Code and Kentucky Rules of Criminal Procedure.

courts. Accordingly, the Court will grant the defendant summary judgment.

### III. Motion for Injunctive Relief

Because the Court has determined that the defendant is entitled to summary judgment, the plaintiff's motion for an injunction for his transfer to another institution with a better library pending resolution of this action is moot and will be denied accordingly.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
       Counsel of record
4413.008